**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN RICHARDSON, and PRECIOUS PATIENCE RICHARDSON,** : **Plaintiffs** | **No. 3:04cv2117** <br> **(Judge Munley)** |
| v. : | |
| **THE DIAL CORPORATION,** : **Defendants** | |

## MEMORANDUM

Before the court for disposition is the motion for summary judgment filed by Defendant The Dial Corporation (hereinafter "defendant" or "Dial"). The matter has been fully briefed and is ripe for disposition.

**Background[1]**

Defendant, The Dial Corporation, maintains a facility located in West Hazleton, Pennsylvania, at which it manufactures personal care and laundry care products. Deliveries of bulk raw materials are made to this facility. One of the materials it receives is HDL-90 Surfonic, a chemical used as one of the main ingredients in laundry detergent. HDL-90 is the brand name of a chemical manufactured by Huntsman Petrochemical Corporation.

Huntsman has an agreement to provide HDL-90 to defendant. Huntsman contracts with Enterprise Transportation Company to deliver the chemical by tanker truck to defendant's West Hazleton facility from Huntsman's Houston, Texas facility. Enterprise employed Plaintiff John Richardson (hereinafter "plaintiff") as a tanker truck driver.

---

[1]These background facts are derived from the defendant's statement of material facts and the plaintiffs' response thereto. (Doc. 42 & Doc. 45). They are uncontested, and therefore, citations to the record have been omitted.

In the scope of his employment with Enterprise, plaintiff and a coworker, Robert Hall, delivered a tanker truck of HDL-90 to the defendant's West Hazleton facility on March 2, 2002. The HDL-90 was transferred from the truck to defendant through a pipe that ran from the truck to the a pump located on defendant's facility. Upon disconnecting the pipe from the trailer steam was released that caused personal injury to the plaintiff. Subsequently, plaintiff instituted the instant action asserting that the injury was the result of the defendant's negligence. At the close of discovery, the defendant filed a motion for summary judgment, bringing the case to its present posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiffs are citizens of Texas, and the defendant is a Delaware business corporation with a principal place of business in Scottsdale, Arizona. (Doc. Def. Ans. and Aff. Defenses, ¶ 3). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>International Raw Materials, Ltd. v. Stauffer Chemical Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. <u>Id.</u> at 324.

**Discussion**

Defendant's motion raises three issues: 1) whether Dial owed any duty to the plaintiff; 2) whether Dial may be liable whether the facts demonstrate that the incident was not caused by any hidden, dangerous condition on defendant's premises; and 3) whether defendant may be liable where the facts show that the incident was caused by the negligence of plaintiff and his coworker. We will address these issues separately.

**1.  Defendant's duty to the plaintiff**

Defendant asserts that it owed no duty to protect the plaintiff from the risks arising from or created by his job as he was the employee of an independent subcontractor.  Defendant assets that, as a matter of law, an owner of property has no duty to protect employees of an independent contractor from risks arising from or created by the job contracted.  In support of its position, defendant cites LaChance v. Michael Baker Corp., 869 A.2d 1054, 1057 (Pa. Commw. Ct. 2005).  We are unconvinced by the defendant's argument.  While their statement of the law with regard to independent contractors and the duty of property owners may be correct under certain factual scenarios, this case is not one that factually fits into the independent contractor/land owner paradigm.  The cases that the defendant cites are factually inapposite.

Defendant cites to Lachance v. Michael Baker Corp., 869 A.2d 1054, 1057.   In LaChance, PennDOT hired an independent contractor, Michael Baker Corporation,  to make improvements to a portion of road. Id. at 1055.  During the construction, a worker suffered fatal injuries after the trench he was working in collapsed.  Id.   The court found that PennDOT had not retained control over the project or that the "trench that collapsed around Decedent presented a peculiar risk."  Therefore, under the common law, the employer (PennDOT) could not be held vicariously liable for the conduct of its independent contractors.  Id. At 1065.

Defendant also cites Celender v. Allegheny County Sanitary Auth., 222 A.2d 461 (Pa. Super. Ct. 1966). In Celender the defendant sanitary authority hired an independent contractor, a construction company, to construct a sewage disposal tunnel on its premises.  Employees of the construction were

burned due to an explosion in the tunnel.  The court found that the sanitary authority was not liable for the injuries of the independent contractor's employees.

Also cited by the defendant is Young v. Commercial Group, No. Civ.A.01-05074, 2005 WL 591199 (E.D. Pa. March 8, 2005).    In this case, a Home Depot home improvement center hired a general contractor to build a tool rental center in its store.  The general contractor subcontracted out the plumbing work for the project.  Id. at *1.  One of the employees of the plumbing subcontractor was injured allegedly due to the general contractor's negligence.   The court applied the rule set forth above of owner non-liability and found that Home Depot would not be held liable for the injuries.

All of these cases cited by the defendant fit into a certain fact pattern.  A property owner hires a construction company to come onto their property to complete some construction.  As the work is being performed an employee of the contractor or a subcontractor is injured.  Under the law, generally, the property owner is not liable.[2]

This fact pattern is not present in the instant case.   The plaintiff entered defendant's property not as part of a crew performing construction on the defendant's property, but as a deliveryman, delivering chemicals to the plaintiff.   This case, therefore, falls under a different line of cases, those involving delivery men or haulers, and the duty of care that the property owner owes to them.

This instant case is analogous to Smith v. Esslinger's, Inc., where a

---

[2]Several exceptions exist to this rule, but as we find the rule inapplicable in the instant case we will not discuss these exceptions.

5

truck driver was injured while delivering chemicals to a brewery. 137 A.2d 800 (Pa. Super. Ct. 1958). The court found that the brewery owed a duty of care to protect the truck driver, a business invitee, from bodily harm. Id. at 801.

The court set forth the duty as follows:

> A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, (a) he knows, or by exercise of reasonable care could discover, the conditions which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care to make the conditions reasonably safe, or to give a warning adequate to enable them to avoid the harm.

Id. at 801-02.

In Smith, the truck driver was delivering chemicals to the defendant brewery. Id. at 801. He pulled his truck up to the side of the building as he was directed to by the defendant's receiving clerk. Id. A door opened in the side of the building and the truck driver delivered his goods through the door. Id. The receiving clerk then asked the truck driver to close the door in the building. Id. The truck driver did, but he injured his fingers in the process by getting them stuck between the door's upper and lower portions. Id.

After reviewing the general duty of care as set forth above, the court indicated that "[a] possessor, who holds his premises open to others for his own business purposes, must exercise a knowledge of the dangerous qualities of the **appliances** provided therein (as doors automatically closing from the bottom when pulled from the top), which is not required of his patrons." Id. at 802 (emphasis added). Similarly, the plaintiff in this case was on the defendant's property to make a delivery and was allegedly injured by an appliance located there, a pump/hose.

6

This case is also similar to Barron v. Hydrotated Anthractie Fuel Co., 46 A.2d 506 (Pa. Super. Ct. 1946), where a truck driver was receiving a load of coal from a chute on the defendant's premises.  The truck driver stepped onto a loading platform to retrieve a shovel usually kept there to level off the coal.  While looking for the shovel, his hand came into contact with a revolving fan causing him personal injuries.  Id. at 507.  The court set forth the defendant's duty of care as:  "an affirmative duty to keep its premises in a reasonably safe condition or to warn [plaintiff] of any dangerous condition which it knew or should have known existed." Id.

Thus, we find that the status of the plaintiff was not an "employee of a subcontractor" as the defendants would have us find but based upon these cases he was a "business invitee."  The Pennsylvania Superior Court has explained that the duty of care owed by a possessor of land to one who enters upon the land depends on the status of the one entering the land, whether he is a trespaser, licensee or invitee.   An invitee can be one of several different statuses, but the only one relevant to our discussion is a business visitor or "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land." Gutteridge v. A.P. Green Serv., Inc., 804 A.2d 643, 656 (Pa. Super. Ct. 2002).  The duty of care owed to a business visitor (also called a business invitee) is "the highest duty owed to any entrant upon land."

As the plaintiff was a business invitee upon the defendant's property, we find that defendant's argument that they owed him no duty of care is without merit.   Rather than owing the plaintiff no duty, the defendant owed him the highest duty owed to any entrant upon land.

**2. Whether Dial may be liable whether the facts demonstrate that the**

**incident was not caused by any hidden, dangerous condition on defendant's premises**

Next, Dial argues that even if they did have a duty of care to the plaintiff, the facts of this case reveal that they did not violate that duty.  We disagree.  Plaintiff has submitted the expert report of Ronald D. Schaible that opines that the incident was caused by defendant's improper Standard Operating Procedure ("SOP") for the unloading of the product; improper employee training in the use of the SOP (or employees not following the SOP); and lack of proper supervision of th unloading process by defendant's employees.  (Doc. 45-14, Pl. Ex. G at 4).   Based upon this evidence, summary judgment to Defendant Dial based on an assertion that it did not breach the duty of care owed to the plaintiff is inappropriate.

**3. Do the facts show that the plaintiff and his co-worker caused the incident?**

The last assertion made by the defendant is that the facts establish that the accident was caused by the defendant and his coworker, therefore, Dial cannot be held liable as a matter of law.  As set forth above, however, the plaintiff has evidence that the defendant caused the accident.   Thus, a question of fact exists as to the cause of the accident, and defendant's motion for summary judgment will be denied.[3]   An appropriate order follows.

---

[3]Defendant also challenges the consortium claim of Plaintiff Precious Patience Richardson.  Defendant argues that this claims is derivative of the Plaintiff John Richardson's claim and since summary judgment should be granted to the defendant on John Richardson's claim, we should also grant summary judgment with respect to the consortium claim.  As we have determined that summary judgment is inappropriate with respect to Plaintiff John Richardson, it is also inappropriate with regard to the derivative consortium claim.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN RICHARDSON, and PRECIOUS PATIENCE RICHARDSON,** : **Plaintiffs** : : **v.** : : **THE DIAL CORPORATION,** : **Defendants** : | **No. 3:04cv2117** **(Judge Munley)** |

## ORDER

**AND NOW**, to wit, this 23rd day of February 2007, the defendant's motion for summary judgment (Doc. 40) is hereby **DENIED**.

                         **BY THE COURT:**

                         **s / James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**